1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

FILED - SOUTHERN DIVISION
CLERK, U.S. DISTRICT COURT

NOV 3 0 2011

CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

EBARIBALDO VEJAR,

      Petitioner,

  v.

CALIFORNIA DEPARTMENT OF
CORRECTION, et al.,

      Respondents.

)
)
)
)
)
)
)
)
)
)
)

Case No. CV 11-9372 PA (AN)

MEMORANDUM AND ORDER

## I. Background

On November 9, 2011, petitioner Ebaribaldo Vejar, a state prisoner whose prison identification number is AE-4162, filed his pending pro se habeas petition ("Petition") pursuant to 28 U.S.C. § 2254 ("§ 2254"). Pursuant to the Court's duty to screen § 2254 petitions before service, the Court has reviewed the Petition and finds it must be dismissed because it plainly appears that Vejar is using the Petition for the improper purpose of challenging the conditions of his confinement, not the legality or duration of his state conviction and related prison sentence (Pet. at 2-3.)

Specifically, the Petition reflects Vejar is currently imprisoned at the California State Prison in Lancaster ("LSP"). (Pet. at 1, 2.) The Petition does not raise any habeas claims attacking his state custody arising from his state conviction and prison sentence. Instead, the Petition establishes Vejar is using his Petition for the purpose of making a prisoner civil

1  rights claim against LSP correctional officer Nguyen, who Vejar claims assaulted him on

2  November 14, 2011. (Pet. at 2, see attached exhibits.)

3                                    **II.  Discussion**

4  **A.    Standard of Review**

5         "A discrete set of Rules governs federal habeas proceedings launched by state

6  prisoners. *See* Rules Governing Section 2254 Cases in the United States District Courts[,

7  28 foll. U.S.C. § 2254 ("Habeas Rules")]." *Mayle v. Felix*, 545 U.S. 644, 654, 125 S. Ct.

8  2562, 2569 (2005).  The discrete Rules include Habeas Rule 2(c), which imposes a "more

9  demanding" pleading standard than the notice pleading used for complaints in ordinary civil

10 cases.  *Felix*, 545 U.S. at 655. Under Habeas Rule 2(c), a petition must "specify all the

11 grounds for relief available to the petitioner [and] state the facts supporting each ground[;...

12 and] the petition is expected to state facts that point to a real possibility of constitutional

13 error." *Id*. In *Felix*, the Supreme Court further emphasized that:

14              [a] prime purpose of [Habeas] Rule 2(c)'s demand that habeas

15              petitioners plead with particularity is to assist the district court in

16              determining whether the State should be ordered to "show cause

17              why the writ should not be granted." § 2243. Under Habeas []

18              Rule 4, if "it plainly appears from the petition . . . that the

19              petitioner is not entitled to relief in district court," the court must

20              summarily dismiss the petition without ordering a responsive

21              pleading.

22 *Id*. at 656.  The Advisory Committee Notes to Habeas Rule 4 also provide "it is the duty of

23 the court to screen out frivolous applications and eliminate the burden that would be placed

24 on the respondent by ordering an unnecessary answer," particularly where the petition does

25 not state facts "that point to a real possibility of constitutional error." Habeas Rule 4,

26 Advisory Committee Notes (1976 Adoption). Under this standard, vague or conclusory

27 allegations are insufficient. *See generally, Blackledge v. Allison*, 431 U.S. 63, 75 n. 7, 97

28 S. Ct. 1621 (1977) (summary disposition of habeas petition appropriate where allegations

1  are vague or conclusory; "the petition is expected to state facts that point to a real possibility

2  of constitutional error") (citation, internal quotations and brackets omitted). Pursuant to the

3  foregoing principles, Local Rule 72-3.2 of this Court authorizes a magistrate judge to

4  prepare a proposed order for summary dismissal and a proposed judgment for the district

5  judge if it plainly appears from the petition that a petitioner is not entitled to relief. In order

6  for district courts to review thousands of habeas petitions in an efficient and just manner,

7  prisoners seeking federal habeas relief under § 2254 must apply for such relief using this

8  Court's approved standard § 2254 petition form. *See* Rule 2(d); Local Rule 83-16.1 ("a

9  petition for a writ of habeas corpus ...shall be submitted on the forms approved and supplied

10  by the Court"). The Court's current standard petition form is CV-69 (09/10) and it contains

11  explicit instructions, which are the functional equivalent of general orders, regarding the

12  type of information a petitioner is required to furnish in order to show that he is entitled to

13  federal habeas relief pursuant to § 2254.

14  **B.    The Petition must be dismissed since it is principally directed at Vejar's**

15  **conditions of confinement and does not challenge the legality or duration of his**

16  **custody arising from a state conviction or sentence.**

17        A habeas corpus petition can only be used to challenge the legality or duration of a

18  prisoner's confinement; in contrast, a civil rights action is the proper mechanism for

19  challenging conditions of confinement. *See Badea v. Cox*, 931 F.2d 573, 574 (9th Cir. 1991)

20  (prisoner must bring condition of confinement claims by way of a civil rights complaint

21  brought pursuant to 42 U.S.C. § 1983 ("§ 1983"), not a habeas corpus petition). Further, a

22  district court only has jurisdiction to consider a § 2254 petition that is brought by a person

23  in state custody pursuant to a state judgment of conviction or sentence who claims his state

24  custody violates "the Constitution or laws or treaties of the United States." 28 U.S.C. §

25  2254 (a). It plainly appears from the Petition and attached exhibits that Vejar is challenging

26  the conditions of his confinement, not the legality or duration of an underlying state

27  conviction and sentence. Therefore, the Court finds the Petition is subject to summary

28  dismissal pursuant to Habeas Rule 4. *See Felix*, 545 U.S. at 656 ("Under Habeas Rule 4, if

1   'it plainly appears from the petition . . . that the petitioner is not entitled to relief in the

2   district court,' the court must summarily dismiss the petition without ordering a responsive

3   pleading.")

4   **C.     The Court declines to construe the Petition as a civil rights complaint.**

5   Although this Court has the discretion to convert the pending habeas petition to a

6   prisoner civil rights case in appropriate circumstances, *see Wilwording v. Swenson*, 404 U.S.

7   249, 251, 92 S. Ct. 407 (1971), *overruled on other grounds by Woodford v. Ngo*, 548 U.S.

8   81, 126 S. Ct. 2378 (2006), it chooses not to do so here for the following reason.

9   Prisoner civil rights actions under § 1983 are subject to different requirements than

10  federal habeas proceedings under § 2254. The filing fee for a prisoner civil rights complaint

11  is $350.00 compared to the substantially lower $5.00 filing fee for habeas petitions. 28

12  U.S.C. § 1914(a). Prisoners seeking to bring civil rights actions *in forma pauperis* ("IFP")

13  must also qualify for IFP status and become financially responsible for paying the full

14  $350.00 filing fee from their prison trust accounts. 28 U.S.C. §1915(b)(1).

15  Further, the Prison Litigation Reform Act has amended 42 U.S.C. § 1997e to provide

16  that "[n]o action shall be brought with respect to prison conditions under section 1983 of

17  this title, or any other Federal law, by a prisoner confined in any jail, prison, or other

18  correctional facility until such administrative remedies as are available are exhausted." 42

19  U.S.C. § 1997e(a). The exhaustion requirement imposed by § 1997e(a) applies to all claims

20  relating to prison life that do not implicate the duration of a prisoner's sentence, *Porter v.

21  Nussle*, 534 U.S. 516, 532, 122 S. Ct. 983 (2002), and it is a mandatory prerequisite to

22  bringing a civil rights action that cannot be waived by a district court. *Ngo*, 548 U.S. at 85;

23  *Booth v. Churner*, 532 U.S. 731, 739, 121 S. Ct. 1819 (2001). "If the district court concludes

24  that the prisoner has not exhausted nonjudicial remedies [in a § 1983 case], the proper

25  remedy is dismissal of the claim without prejudice." *Wyatt v. Terhune*, 315 F.3d 1108, 1120

26  (9th Cir. 2002). In order to make sure that a prisoner has complied with the foregoing

27  exhaustion requirements, this Court requires prisoners bringing § 1983 civil rights actions

28  to use the Court-approved civil rights complaint form, which contains instructions that are

Page 4

1  tantamount to general orders of this Court and require the inmate to "attach copies of papers

2  related to the grievance procedure." Civil Rights Complaint Form CV-66, page 3; *see Brady*

3  *v. Attygala,* 196 F. Supp. 2d 1016, 1018 (C.D. Cal. 2002).

4        Vejar's Petition is not prepared on this Court's approved prisoner civil rights

5  complaint form. He has not paid the required $350.00 filing fee to file a prisoner civil rights

6  complaint and he has not expressly agreed to be financially responsible for paying the full

7  $350.00 filing fee from his prison trust account. Nor has he given his written agreement to

8  authorize funds to be withdrawn from his inmate trust account to pay for all or any part of

9  the filing fee.

10        Based upon the foregoing, the Court finds it is inappropriate to construe the Petition

11  as a civil rights complaint and declines to do so.

12                              **III. Conclusion**

13        For the reasons set forth above, the Petition is summarily dismissed without prejudice.

14  A judgment of dismissal of the entire action shall be entered accordingly.

15

16        **IT IS SO ORDERED.**

17

18  DATED:  November 29, 2011                    _____

19                                                    PERCY ANDERSON
                                               UNITED STATES DISTRICT JUDGE

20

21  Presented by:

22

23  _____

24     Arthur Nakazato
     United States Magistrate Judge

25

26

27

28

Page 5