FILED - SOUTHERN DIVISION
CLERK, U.S. DISTRICT COURT

NOV 3 0 2011

CENTRAL DISTRICT OF CALIFORNIA
BY ___ DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| EBARIBALDO VEJAR,<br>    Petitioner,<br>    v.<br>CALIFORNIA DEPARTMENT OF CORRECTION, et al.,<br>    Respondents. | Case No. CV 11-9372 PA (AN)<br><br>MEMORANDUM AND ORDER |

**I. Background**

On November 9, 2011, petitioner Ebaribaldo Vejar, a state prisoner whose prison identification number is AE-4162, filed his pending pro se habeas petition ("Petition") pursuant to 28 U.S.C. § 2254 ("§ 2254"). Pursuant to the Court's duty to screen § 2254 petitions before service, the Court has reviewed the Petition and finds it must be dismissed because it plainly appears that Vejar is using the Petition for the improper purpose of challenging the conditions of his confinement, not the legality or duration of his state conviction and related prison sentence (Pet. at 2-3.)

Specifically, the Petition reflects Vejar is currently imprisoned at the California State Prison in Lancaster ("LSP"). (Pet. at 1, 2.) The Petition does not raise any habeas claims attacking his state custody arising from his state conviction and prison sentence. Instead, the Petition establishes Vejar is using his Petition for the purpose of making a prisoner civil

rights claim against LSP correctional officer Nguyen, who Vejar claims assaulted him on November 14, 2011. (Pet. at 2, see attached exhibits.)

## II. Discussion

### A. Standard of Review

"A discrete set of Rules governs federal habeas proceedings launched by state prisoners. *See* Rules Governing Section 2254 Cases in the United States District Courts[, 28 foll. U.S.C. § 2254 ("Habeas Rules")]." *Mayle v. Felix*, 545 U.S. 644, 654, 125 S. Ct. 2562, 2569 (2005). The discrete Rules include Habeas Rule 2(c), which imposes a "more demanding" pleading standard than the notice pleading used for complaints in ordinary civil cases. *Felix*, 545 U.S. at 655. Under Habeas Rule 2(c), a petition must "specify all the grounds for relief available to the petitioner [and] state the facts supporting each ground[;... and] the petition is expected to state facts that point to a real possibility of constitutional error." *Id*. In *Felix*, the Supreme Court further emphasized that:

> [a] prime purpose of [Habeas] Rule 2(c)'s demand that habeas petitioners plead with particularity is to assist the district court in determining whether the State should be ordered to "show cause why the writ should not be granted." § 2243. Under Habeas [] Rule 4, if "it plainly appears from the petition . . . that the petitioner is not entitled to relief in district court," the court must summarily dismiss the petition without ordering a responsive pleading.

*Id*. at 656. The Advisory Committee Notes to Habeas Rule 4 also provide "it is the duty of the court to screen out frivolous applications and eliminate the burden that would be placed on the respondent by ordering an unnecessary answer," particularly where the petition does not state facts "that point to a real possibility of constitutional error." Habeas Rule 4, Advisory Committee Notes (1976 Adoption). Under this standard, vague or conclusory allegations are insufficient. *See generally*, *Blackledge v. Allison*, 431 U.S. 63, 75 n. 7, 97 S. Ct. 1621 (1977) (summary disposition of habeas petition appropriate where allegations

are vague or conclusory; "the petition is expected to state facts that point to a real possibility of constitutional error") (citation, internal quotations and brackets omitted). Pursuant to the foregoing principles, Local Rule 72-3.2 of this Court authorizes a magistrate judge to prepare a proposed order for summary dismissal and a proposed judgment for the district judge if it plainly appears from the petition that a petitioner is not entitled to relief. In order for district courts to review thousands of habeas petitions in an efficient and just manner, prisoners seeking federal habeas relief under § 2254 must apply for such relief using this Court's approved standard § 2254 petition form. *See* Rule 2(d); Local Rule 83-16.1 ("a petition for a writ of habeas corpus ...shall be submitted on the forms approved and supplied by the Court"). The Court's current standard petition form is CV-69 (09/10) and it contains explicit instructions, which are the functional equivalent of general orders, regarding the type of information a petitioner is required to furnish in order to show that he is entitled to federal habeas relief pursuant to § 2254.

**B. The Petition must be dismissed since it is principally directed at Vejar's conditions of confinement and does not challenge the legality or duration of his custody arising from a state conviction or sentence.**

A habeas corpus petition can only be used to challenge the legality or duration of a prisoner's confinement; in contrast, a civil rights action is the proper mechanism for challenging conditions of confinement. *See Badea v. Cox*, 931 F.2d 573, 574 (9th Cir. 1991) (prisoner must bring condition of confinement claims by way of a civil rights complaint brought pursuant to 42 U.S.C. § 1983 ("§ 1983"), not a habeas corpus petition). Further, a district court only has jurisdiction to consider a § 2254 petition that is brought by a person in state custody pursuant to a state judgment of conviction or sentence who claims his state custody violates "the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254 (a). It plainly appears from the Petition and attached exhibits that Vejar is challenging the conditions of his confinement, not the legality or duration of an underlying state conviction and sentence. Therefore, the Court finds the Petition is subject to summary dismissal pursuant to Habeas Rule 4. *See Felix*, 545 U.S. at 656 ("Under Habeas Rule 4, if

'it plainly appears from the petition . . . that the petitioner is not entitled to relief in the district court,' the court must summarily dismiss the petition without ordering a responsive pleading.")

**C.     The Court declines to construe the Petition as a civil rights complaint.**

Although this Court has the discretion to convert the pending habeas petition to a prisoner civil rights case in appropriate circumstances, *see Wilwording v. Swenson*, 404 U.S. 249, 251, 92 S. Ct. 407 (1971), *overruled on other grounds by Woodford v. Ngo*, 548 U.S. 81, 126 S. Ct. 2378 (2006), it chooses not to do so here for the following reason.

Prisoner civil rights actions under § 1983 are subject to different requirements than federal habeas proceedings under § 2254. The filing fee for a prisoner civil rights complaint is $350.00 compared to the substantially lower $5.00 filing fee for habeas petitions. 28 U.S.C. § 1914(a). Prisoners seeking to bring civil rights actions *in forma pauperis* ("IFP") must also qualify for IFP status and become financially responsible for paying the full $350.00 filing fee from their prison trust accounts. 28 U.S.C. §1915(b)(1).

Further, the Prison Litigation Reform Act has amended 42 U.S.C. § 1997e to provide that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The exhaustion requirement imposed by § 1997e(a) applies to all claims relating to prison life that do not implicate the duration of a prisoner's sentence, *Porter v. Nussle*, 534 U.S. 516, 532, 122 S. Ct. 983 (2002), and it is a mandatory prerequisite to bringing a civil rights action that cannot be waived by a district court. *Ngo*, 548 U.S. at 85; *Booth v. Churner*, 532 U.S. 731, 739, 121 S. Ct. 1819 (2001). "If the district court concludes that the prisoner has not exhausted nonjudicial remedies [in a § 1983 case], the proper remedy is dismissal of the claim without prejudice." *Wyatt v. Terhune*, 315 F.3d 1108, 1120 (9th Cir. 2002). In order to make sure that a prisoner has complied with the foregoing exhaustion requirements, this Court requires prisoners bringing § 1983 civil rights actions to use the Court-approved civil rights complaint form, which contains instructions that are

tantamount to general orders of this Court and require the inmate to "attach copies of papers related to the grievance procedure." Civil Rights Complaint Form CV-66, page 3; *see Brady v. Attygala,* 196 F. Supp. 2d 1016, 1018 (C.D. Cal. 2002).

Vejar's Petition is not prepared on this Court's approved prisoner civil rights complaint form. He has not paid the required $350.00 filing fee to file a prisoner civil rights complaint and he has not expressly agreed to be financially responsible for paying the full $350.00 filing fee from his prison trust account. Nor has he given his written agreement to authorize funds to be withdrawn from his inmate trust account to pay for all or any part of the filing fee.

Based upon the foregoing, the Court finds it is inappropriate to construe the Petition as a civil rights complaint and declines to do so.

### III. Conclusion

For the reasons set forth above, the Petition is summarily dismissed without prejudice. A judgment of dismissal of the entire action shall be entered accordingly.

**IT IS SO ORDERED.**

DATED: November 29, 2011

PERCY ANDERSON
UNITED STATES DISTRICT JUDGE

Presented by:

Arthur Nakazato
United States Magistrate Judge